UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN RIVER TRANSPORTATION, CO., LLC, AS THE OWNER AND OPERATOR OF THE M/V LOUISIANA LADY, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO: 18-2186<br><br>SECTION: "S" (2) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that American River Transportation Co., LLC's Motion for Partial Dismissal for Failure to State a Claim Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #17) is **GRANTED**. The claims for non-pecuniary damages, including punitive damages, declaratory relief regarding punitive damages and loss of society damages, and attorneys' fees, brought by Philip Graves and Rebecca Whaley Graves, individually and as co-administrators of the Succession of Spencer William Graves, against American River Transportation Co., LLC are **DISMISSED**.

**IT IS FURTHER ORDERED** that American River Transportation Co., LLC's Motion for Partial Dismissal for Failure to State a Claim Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #18) is **GRANTED**. The claims for non-pecuniary damages, including punitive damages, declaratory relief regarding punitive damages, and attorneys' fees, brought by Ronald D. Neal against American River Transportation Co., LLC are **DISMISSED**.

## BACKGROUND

This matter is before the court on two motions to dismiss filed by petitioner in limitation, American River Transport Co., LLC. ("ARTCO"). ARTCO argues that it is entitled to dismissal of the non-pecuniary damages claims raised by claimants Philip and Rebecca Whaley Graves and

Ronald D. Neal because only pecuniary damages are recoverable for the claims they raise in this action.

On September 3, 2017, the M/V LOUISIANA LADY, an inland tug owned and operated by ARTCO, caught fire when it was doing fleet work on the Mississippi River. The fire broke out in the deck locker on the vessel's main deck. Two crew members, Spencer Graves and Ronald D. Neal, who were in their crew quarters on the main deck, suffered smoke inhalation and loss of consciousness. Graves, who was a Jones Act seaman aboard the vessel, died as a result of the accident. Neal, who was also a Jones Act seaman aboard the vessel, sustained injuries as a result of the accident.

On March 1, 2018, ARTCO filed the instant petition for limitation of liability pursuant to 46 U.S.C. § 30501, *et seq.* and within the meaning of Rules 9(h) and F of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions seeking exoneration from or limitation of liability for the September 3, 2017, accident. Philip and Rebecca Whaley Graves, Spencer Graves' parents, filed a claim as representatives of Spencer Graves' estate, seeking non-pecuniary damages including punitive damages, declaratory relief regarding punitive damages and loss of society damages, and attorneys' fees. Neal also filed a claim and seeks non-pecuniary damages, including punitive damages, declaratory relief regarding punitive damages, and attorneys' fees. ARTCO filed the instant motions to dismiss arguing that non-pecuniary damages are not recoverable by a seaman, or his survivors, against the seaman's employer under either the Jones Act or the general maritime law. The Graves and Neal argue that ARTCO's motion is premature and the

court should not determine whether non-pecuniary damages will be recoverable from ARTCO until after the court determines whether ARTCO is entitled to exoneration from or limitation of liability.

## ANALYSIS

### I. Rule 12(b)(6) of the Federal Rules of Civil Procedure

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).

### II. Non-Pecuniary Damages

ARTCO argues that a Jones Act seaman or his representatives cannot recover non-pecuniary damages, including punitive damages, from the seaman's employer under the Jones Act or general maritime law of unseaworthiness.

In Miles v. Apex Marine Corp., 111 S.Ct. 317, 325-26 (1990), the Supreme Court of the United States held that a Jones Act seaman's survivors cannot recover non-pecuniary damages for wrongful death against the seaman's employer under either the Jones Act or general maritime law. The court stated that such a result was "in accordance with the uniform plan of maritime tort law Congress created in [the Death on the High Seas Act ("DOHSA")] and the Jones Act," and it would not judicially create a more expansive remedy than Congress established in its "ordered system of recovery for seamen's injury and death." Id. at 328.

In McBride v. Estis Well Serv., LLC, 768 F.3d 382, 834 (5th Cir. 2014) (*en banc*), the United States Court of Appeals for the Fifth Circuit, sitting *en banc*, examined the effect of Townsend on Miles. The plaintiffs in McBride, two injured seamen and the survivors of a deceased seaman, brought negligence claims under the Jones Act and sought punitive damages against the Jones Act employer for personal injury and wrongful death under the general maritime law doctrine of unseaworthiness. Id. The court held that neither a Jones Act seaman, nor his survivors, can recover punitive damages against the seaman's employer for personal injury or wrongful death claims based on either the Jones Act or general maritime law. Id. In so doing, the court stated that the Supreme Court of the United States has not overruled Miles.

ARTCO was the employer of the both Graves and Neal, who were Jones Act seamen. The binding precedent of the Supreme Court of the United States and the United States Court of Appeals for the Fifth Circuit holds that neither a Jones Act seaman nor his survivors can recover non-pecuniary damages against the Jones Act employer. Thus, as a matter of law, neither the Graves nor Neal can recover non-pecuniary damages from ARTCO for negligence or unseaworthiness regardless of ARTCO's success under the Limitation of Liability Act. Therefore, ARTCO's motion

4

to dismiss is GRANTED, and the Graves' and Neal's non-pecuniary damages claims against ARTCO are DISMISSED.

### III.     Attorneys' Fees

Pursuant to the "American Rule," the prevailing party is ordinarily not entitled to collect attorneys' fees from the losing party. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 95 S.Ct. 1612 (1975). "Maritime disputes generally are governed by the 'American Rule.'" Tex. A & M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 405 (5th Cir. 2003) (citing Galveston Cnty. Nav. Dist. v. Hopson Towing Co., 92 F.3d 353, 356 (5th Cir. 1996)). Therefore, "'absent statute or enforceable contract, litigants must pay their own attorneys' fees.'" Id. (quoting Galveston Cnty. Nav. Dist., 92 F.3d at 356). The Jones Act does not have a fee-shifting provision. See 46 U.S.C. § 30104, *et seq.* However, attorneys' fees may be awarded to the plaintiff when the defendant acts in bad faith during the litigation. See Galveston Cnty. Nav. Dist. v. Hopson Towing Co., 92 F.3d 353, 356-60 (5th Cir. 1996). Thus, under the "American Rule," attorneys' fees are not available to the Graves or Neal in this action, unless ARTCO acts in bad faith during the course of this litigation. ARTCO's motion to dismiss the Graves' and Neal's claim for attorneys' fees is GRANTED. However, the Graves and Neal can reassert their claims for attorneys' fees if ARTCO acts in bad faith during the course of this litigation.

## CONCLUSION

**IT IS HEREBY ORDERED** that American River Transportation Co., LLC's Motion for Partial Dismissal for Failure to State a Claim Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #17) is **GRANTED**. The claims for non-pecuniary damages, including punitive damages, declaratory relief regarding punitive damages and loss of society damages, and attorneys'

fees, brought by Philip Graves and Rebecca Whaley Graves, individually and as co-administrators of the Succession of Spencer William Graves, against American River Transportation Co., LLC are **DISMISSED**.

**IT IS FURTHER ORDERED** that American River Transportation Co., LLC's Motion for Partial Dismissal for Failure to State a Claim Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #18) is **GRANTED**. The claims for non-pecuniary damages, including punitive damages, declaratory relief regarding punitive damages, and attorneys' fees, brought by Ronald D. Neal against American River Transportation Co., LLC are **DISMISSED**.

New Orleans, Louisiana, this   22nd   day of August, 2018.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**