# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN RIVER TRANSPORTATION, CO., LLC, AS THE OWNER AND OPERATOR OF THE M/V LOUISIANA LADY, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO: 18-2186<br><br>SECTION: "S" (2) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that American River Transportation Co., L.L.C.'s **Motion to Enforce Court's Order and to Dismiss Claims for Punitive Damages** (Rec. Doc. 32) is **GRANTED**. The claims for punitive damages brought by claimants, Ronald D. Neal and Philip and Rebecca Graves, individually and as co-administrators of the Succession of Spencer William Graves, against American River Transportation Co., LLC are **DISMISSED**.

## BACKGROUND

This matter is before the court on motion of petitioner in limitation, American River Transport Co., L.L.C. ("ARTCO"). Claimants, Ronald D. Neal and Philip and Rebecca Graves, individually and as co-administrators of the Succession of Spencer William Graves (collectively, "claimants"), oppose the motion. The motion is before the court on briefs without oral argument.

On August 22, 2018, this court entered an order dismissing claimants' claims for non-pecuniary damages, including punitive damages. Rec. Doc. 30. The Order and Reasons dismissing the claims cited <u>McBride v. Estis Well Serv., L.L.C.</u>, 768 F.3d 382, 391 (5th Cir. 2014)(*en banc*). In that case, the United States Court of Appeals for the Fifth Circuit, sitting *en banc*, explicitly held that: "On the subject of recoverable damages in a wrongful death case under the Jones Act and the general maritime law, [the Supreme Court] has limited the survivor's recovery to pecuniary losses. . . . Punitive damages, which are designed to punish the wrongdoer rather than compensate the victim, by definition are not pecuniary losses. Punitive damages are not recoverable by the plaintiffs in these actions."<u>Id.</u> at 391.

Subsequently, claimants filed a First Amended and Superseding Master Answer (Rec. Doc. 31), in which they once again seek punitive damages. In addition, the First Amended and Superseding Answer includes a footnote which states the following:

> Claimants are both mindful and respectful of the Court's recent ruling on ARTCO's Rule 12 Motion regarding the recovery of non-pecuniary damages under the Jones Act and/or General Maritime Law. That Rule 12 Motion was arguably premature, as it preceded Claimants' complete articulation of all theories of recovery and allegations of the range of

applicable damage. As such, and with the utmost respect and deference to the Court and its ruling, Claimants have, in an abundance of caution and as a purely prophylactic measure, asserted claims for punitive damages, attorney's fees, loss of consortium/society, and other measures on non-pecuniary damages, so as to preserve those claims for appellate review, if that circumstance comes to pass. Claimants thus anticipate a Motion To Strike certain allegation in their FASA, and do not intend to disobey or ignore the Court's prior ruling: rather, Claimants merely seek to preserve those allegations, claims and issues for possible appellate review.

In opposing the instant motion to dismiss, claimants do not suggest there has been any change in the law governing this question that would entitle them to punitive damages, but rather point to the above-quoted footnote, stating that the punitive damages claims were included in an abundance of caution and as a prophylactic measure.

Claimants' motives in filing legally unfounded claims are not relevant to this motion. "[I]f as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed. . . ." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989). In the face of clear and applicable precedent rendering the punitive damage claims herein invalid, petitioner is entitled to dismissal of the claims, and/or enforcement of the court's prior judgment dismissing the claims. Accordingly,

**IT IS HEREBY ORDERED** that American River Transportation Co., L.L.C.'s **Motion to Enforce Court's Order and to Dismiss Claims for Punitive**

**Damages** (Rec. Doc. 32) is **GRANTED**. The claims for punitive damages brought by claimants, Ronald D. Neal and Philip and Rebecca Graves, individually and as co-administrators of the Succession of Spencer William Graves, against American River Transportation Co., LLC are **DISMISSED**.

New Orleans, Louisiana, this  17th  day of October, 2018.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**