UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN RIVER TRANSPORTATION, CO., LLC, AS THE OWNER AND OPERATOR OF THE M/V LOUISIANA LADY, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO: 18-2186<br><br>SECTION: "S" (2) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Rule 12 motions filed by third-party defendant Walter Kidde Portable Equipment, Inc. ("Kidde") (Rec. Doc. 53) are granted in part and denied in part as follows:

**IT IS ORDERED** that Kidde's Rule 12(b)(6) motion to dismiss plaintiffs' LPLA claims is **granted**;

**IT IS FURTHER ORDERED** that Kidde's Rule 12(b)(6) motion to dismiss plaintiffs' products liability claims under the general maritime law for failure to state a claim is **denied**;

**IT IS FURTHER ORDERED** that Kidde's Rule 12(b)(6) motion to dismiss plaintiffs' maintenance and cure claims against Kidde for failure to state a claim is **granted** as unopposed;

**IT IS FURTHER ORDERED** that Kidde's Rule 12(b)(6) motion to dismiss the Graveses' claims for loss of financial support is **denied**, however counsel for the Graveses is ordered to amend the complaint to allege dependency more specifically within **15 days** of entry of this order;

**IT IS FURTHER ORDERED** that Kidde's Rule 12(b)(1) motion to dismiss the Graveses' wrongful death claims brought in their personal capacities is **granted**; and

**IT IS FURTHER ORDERED** that Kidde's motion to strike pursuant to Rule 12(f) is

**denied**.

## BACKGROUND

On September 3, 2017, the M/V LOUISIANA LADY, an inland tug owned and operated by American River Transportation Company ("ARTCO"), caught fire when it was doing fleet work on the Mississippi River. The fire broke out in the deck locker on the vessel's main deck. Two crew members, Spencer Graves and Ronald D. Neal, who were in their crew quarters on the main deck, suffered smoke inhalation and loss of consciousness. Graves, who was a Jones Act seaman aboard the vessel, died as a result of the accident. Neal, who was also a Jones Act seaman aboard the vessel, sustained injuries as a result of the accident.

On March 1, 2018, ARTCO filed the instant petition for limitation of liability pursuant to 46 U.S.C. § 30501, et seq. and within the meaning of Rules 9(h) and F of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions seeking exoneration from or limitation of liability for the September 3, 2017, accident. Philip and Rebecca Whaley Graves, Spencer Graves' parents, filed a claim in their individual capacities and as representatives of Spencer Graves' estate. Neal also filed a claim.

On September 3, 2018, the claimants filed third-party claims against, inter alia, Walter Kidde Portable Equipment, Inc. ("Kidde").[1] The claims against Kidde were brought pursuant to the Louisiana Products Liability Act, La. R.S. 9:2800.51 et seq., and the general maritime law. In their third-party complaint, third-party plaintiffs (hereinafter, "plaintiffs") allege that an

---

[1] Claimants originally identified this 3rd party defendant as United Technologies Corporation d/b/a/ Kidde, Inc., but amended its complaint to name Walter Kidde Portable Equipment, Inc. in its stead. Rec. Doc. 44, ¶ V.

electronic cigarette with a lithium battery exploded on a shelf in the deck locker, ignited, caught fire, and was propelled around the room, and that subsequently, the smoke and gas detectors and alarms, allegedly manufactured by Kidde, all failed to work properly, resulting in Graves' death Ronald Neal's injuries.

In this motion, Kidde seeks dismissal of the LPLA claims brought against it by claimants, and the striking of certain allegations as redundant or immaterial. With respect to the dismissal of the LPLA claims, Kidde premises its motion on two grounds:

(1) Pursuant to Federal Rule of Civil Procedure 12(b)(6), Kidde argues that claims under the Louisiana Products Liability Act are inapplicable to this general maritime products liability case, and plaintiffs have failed to properly allege any defect existed at the time Kidde's product left Kidde's control, as is required under general maritime law and Section 402A of the Restatement (Second) of Torts. Further, to the extent any claims have been properly made, Kidde contends that relief cannot be granted because plaintiffs have admitted actual knowledge of the purportedly unreasonably dangerous condition. To the extent any other claims remain, for non-pecuniary (punitive) damages, maintenance and cure, found, and loss of financial support, Kidde argues they are not available and must necessarily be dismissed.

(2) Pursuant to Federal Rule of Civil Procedure 12(b)(1), Kidde seeks dismissal of all claims brought individually by Phillip Graves and Rebecca Whaley Graves, arguing that they lack standing to bring any action in their individual capacities, and therefore the court lacks subject matter jurisdiction.

Additionally, Kidde argues pursuant to Federal Rule of Civil Procedure 12(f), that

paragraphs 88 and 106(h) of Claimants' Master Complaint, Counter-Claims, and Third-Party Complaint for Damages (Rec. Doc. 31), should be stricken, because they invoke *res ipsa loquitur,* which is an evidentiary doctrine, rather than a separate cause of action, and claims for past and future meals, lodging and found, contending they are redundant.

## ANALYSIS

### I.  Motion to Dismiss Under Federal Rule 12(b)(6)

*Legal Standard*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. "To survive a Rule 12(b)(6) motion to dismiss, 'enough facts to state a claim for relief that is plausible on its face' must be pleaded." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 550 U.S. 544 (2007). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 555 (citations omitted). The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).  However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 556 U.S. at 678.

*LPLA vs. General Maritime Law*

Kidde contends that the claims against it are governed by the general maritime law, which preempts Louisiana state law (specifically the Louisiana Products Liability Act ("LPLA")), and thus plaintiffs' claims brought under the LPLA must be dismissed. Plaintiffs contend that the LPLA may be applied in cases in which it does not conflict with the LPLA, and that Kidde has not identified a conflict between the two that prevents application of the LPLA.

It is undisputed that this matter lies within the court's admiralty jurisdiction. "With admiralty jurisdiction comes the application of substantive admiralty law. Absent a relevant statute, the general maritime law, as developed by the judiciary, applies." East River S.S. Corp. v. Transamerica Delaval, Inc. 476 U.S. 858, 864 (1986) (citations omitted). "Drawn from state and federal sources, the general maritime law is an amalgam of traditional common-law rules, modifications of those rules, and newly created rules." Id. (citations omitted).

In East River, the Supreme Court acknowledged that it had developed a body of maritime tort principles, and questioned whether it should "incorporate products-liability concepts, long a part of the common law of torts, into the general maritime law." Id. at 865. The Supreme Court recognized that "the Courts of Appeals sitting in admiralty overwhelmingly have adopted concepts of products liability, based both on negligence and on strict liability. Id. (citations omitted). The Supreme Court unequivocally "join[ed] the Courts of Appeals in recognizing products liability, including strict liability, as part of the general maritime law." Id. The Fifth Circuit and the majority of circuit courts have imported and applied the Restatement (Second) of Torts § 402A as the applicable general maritime law in maritime products liability actions. Transco Syndicate No. 1, Ltd. v. Bollinger Shipyards, Inc., 1 F. Supp. 2d 608, 614 (E.D. La.

1998) (citing Vickers v. Chiles Drilling Co., 822 F.2d 535, 538 (5th Cir.1987); Ocean Barge Transport Co. v. Hess Oil Virgin Islands Corp., 726 F.2d 121, 123 (3d Cir.1984); Pan–Alaska Fisheries, Inc. v. Marine Constr. & Design Co., 565 F.2d 1129, 1134 (9th Cir.1977) (stating that Restatement § 402 is the "best and most widely-accepted expression of the theory of strict liability."); Lindsay v. McDonnell Douglas Aircraft Corp., 460 F.2d 631 (8th Cir.1972); McKee v. Brunswick Corp. 354 F.2d 577, 584 (7th Cir.1965)(same); 1 Thomas J. Schoenbaum, ADMIRALTY AND MARITIME LAW § 5–7 (5th ed. 2012) ("The applicable substantive law of products liability in admiralty is Section 402A of the Restatement (Second) of Torts.").

And, while there is some authority that the LPLA may be applied to maritime actions when its provisions do not conflict with Section 402A of the Restatement (Second) of Torts, see Transco, 1 F. Supp. 2d at 614, a recent case from this district analyzed the question, and determined that there is no basis to supplement the general maritime law of products liability with the LPLA. Parekh v. Argonautica Shipping Investments B.V., 2017 WL 3456300, at *2–3 (E.D. La. Aug. 11, 2017). In Parekh, the court noted that the Supreme Court has approved the application of state law where it serves to supplement, but not contravene, the general maritime law by filling a gap in the general maritime law. Id. at *2 (citing Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 206 (1996)). The court observed that the general maritime law may be supplemented with state law when three conditions are present: "'(1) where there is no applicable admiralty rule; (2) where local and state interests predominate; and (3) where the uniformity principle is not crucial.'" Id. (citing 1Schoenbaum at § 4–2 (citing Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310, (1955); Southern Pacific Co. v. Jensen, 244 U.S. 205,

6

216 (1917)).

Because both the Supreme Court and the Fifth Circuit have embraced Section 402A of the Restatement (Second) of Torts as the applicable rule for strict products liability under general maritime law, there is no gap in the products liability regime of the general maritime law. Thus, the first requirement for supplementation by the LPLA is not met. Id. at *2. The Parekh court also found that the second and third requirements were not met, because "by applying the Restatement [rather than state law] in maritime products liability cases, 'the Court furthers the federal interest in establishing uniform rules of maritime law.'" Id. at *3. Based on this rationale, the Parekh court declined to supplement the general maritime law with state law, and considered plaintiff's claims under the general maritime law.

The reasoning in Parekh is well-founded, and results in maintaining uniformity in admiralty cases. Accordingly, in this case, the general maritime law of products liability applies, and plaintiffs' products liability claims brought pursuant to the LPLA are dismissed. However, the court notes that the plaintiffs also invoked the general maritime law in connection with the products liability allegations, and the court thus will consider plaintiffs' products liability claims under Section 402A of the Restatement (Second) of Torts.

*Restatement (Second) of Torts*

Section 402A of the Restatement (Second) of Torts provides as follows:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

    (a) the seller is engaged in the business of selling such a product, and

7

>     (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
>
> (2) The rule stated in Subsection (1) applies although
>
>     (a) the seller has exercised all possible care in the preparation and sale of his product, and
>
>     (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

The commentary to this provision further provides:

> Contributory negligence. Since the liability with which this Section deals is not based upon negligence of the seller, but is strict liability, the rule applied to strict liability cases (see § 524) applies. Contributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of its existence. On the other hand the form of contributory negligence which consists in ***voluntarily*** and unreasonably proceeding to encounter a known danger, and commonly passes under the name of assumption of risk, is a defense under this Section as in other cases of strict liability. If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery.

RESTATEMENT (SECOND) OF TORTS (1965) § 402A, cmt. n (emphasis added).

Applying these principles, Kidde argues that because plaintiffs have acknowledged actual knowledge of the unreasonably dangerous condition, they may not recover. Plaintiffs counter that they did not allege actual ***personal*** knowledge of the alleged defects in the Kidde detection and alarm systems, and that even if they did, that defense applies only to failure to warn claims, citing Authement v. Ingram Barge Co., 977 F. Supp. 2d 606 (E.D. La. 2013).

Plaintiffs alleged that "Crewmembers, ***including Claimants***, notified Petitioner and its Captains, Engineers, and Vessel Manager, on numerous occasions prior to the September 3, 2017

fire and casualties aboard the M/V LOUSIANA of the defective, dysfunctional and inoperable heat, fire, smoke and/or gas detection, protection and alarm systems . . . " Rec. Doc. 31, ¶ 38. Thus, it appears that plaintiffs did in fact acknowledge their personal, actual knowledge of the alleged Kidde defects. Moreover, while the <u>Authement</u> case pointed to by plaintiffs discussed the fact that actual knowledge is an affirmative defense to a failure to warn claim, it does not suggest that the actual knowledge defense applies solely to such claims. To the contrary, the clear language of comment "n" to the section 402A of the Restatement is that "if the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery."

However, comment "n" requires that a claimant ***voluntarily*** proceed in the presence of a known risk. In this vein, section 496(E) of the Restatement (Second), "Necessity of Voluntary Assumption," provides that:

> a. Since the basis of assumption of risk is the plaintiff's willingness to accept the risk, take his chances, and look out for himself, his choice in doing so must be a voluntary one. If the plaintiff's words or conduct make it clear that he refuses to accept the risk, he does not assume it.

RESTATEMENT (SECOND) OF TORTS § 496E.

The allegations in this case do not suggest that plaintiffs herein voluntarily assumed the risk of the defective gas and smoke detectors; in fact, they suggest the opposite: that plaintiffs and other crew members lodged numerous complaints about the state of disrepair of the alarm systems. However, given their position as crewmen on the ship, they were not in a position to sleep elsewhere besides the crew quarters. They simply had no choice but to accept the sleeping

conditions on board. In this context, they cannot be said to have voluntarily assumed the risk associated with faulty gas and smoke detectors. Accordingly, the affirmative defense of assumption of the risk is inapplicable in this case.

*Failure to State a Claim*

Kidde also argues that plaintiffs have failed to state a maritime products liability claim under section 402A. Kidde contends that under section 402A, a plaintiff must allege, among other things, "that the product was unreasonably dangerous or was in a defective condidtion when it left he defendant's control," citing In re M/V DANIELLE BOUCHARD, 164 F. Supp. 2d 794, 798 (E.D. La. 2001)(quoting 1. Thomas J. Schoenbaum, ADMIRALTY & MARITIME LAW § 5-6 (3d ed. 2001). Kidde argues that plaintiffs' allegations in this respect are inadquate.

Plaintiffs allege, inter alia, that the third-party defendants, including Kidde, "knew, as of the time the defective products left their control . . . that the defective products possessed dangerous characteristics known to cause injuries, such as those sustained by Claimants. Rec. Doc. 31, ¶ 87(j). They further alleged that third-party defendants, including Kidde, "are strictly liable as the manufacturers, installers and/or servicers because at the time the defective products left their control . . .. they knew, or could have known, of the characteristics that caused Claimants' injuries. . . ." Id. at ¶ 87(o). Thus, the court declines to dismiss plaintiffs' general maritime law product liability claims against Kidde.

*Non-Pecuniary Damages*

Plaintiffs acknowledge that the non-pecuniary damages sought, namely, punitive damages, are not available under controlling case law in this circuit, including McBride v. Estis

Well Serv., LLC, 768 F.3d 382 (5th Cir. 2014) (en banc). However, plaintiffs ask the court to defer ruling on these claims pending the Supreme Court's decision in Batterton v. Dutra Group, 880 F.3d 1089 (9th Cir. 2018), cert. granted, Dutra Group v. Batterton, 139 S. Ct. 627 (Mem)(Dec. 7, 2018), in which the district court declined to strike or dismiss claims for non-pecuniary damages brought under the general maritime law. Plaintiffs argue that deferral is appropriate because there is a distinct possibility that the U.S. Supreme Court may overrule McBride, and authorize recovery of non-pecuniary damages under the general maritime law.

This circuit has held that "neither one who has invoked his Jones Act seaman status nor his survivors may recover nonpecuniary damages from **non-employer third parties**." Scarborough v. Clemco Indus., 391 F.3d 660, 668 (5th Cir. 2004) (emphasis added). Dutra and McBride both involve a claim against a Jones Act employer, not against a non-employer third party, as is the case with plaintiffs' claims against Kidde. Thus, it does not necessarily follow that the Supreme Court's ruling in Dutra, even if it overruled McBride, would overrule Scarborough. Accordingly, the pendency of that action does not provide a basis for deferring ruling on this portion of the instant motion. In addressing the plaintiffs' punitive damages claims against their employer in a prior ruling, the court stated that "in the face of clear and applicable precedent rendering the punitive damage claims herein invalid, petitioner is entitled to dismissal of the claims. . . ." See Rec. Docs. 30 & 43. Likewise, Kidde is entitled to dismissal of plaintiffs' non-pecuniary punitive damages claims.

***Claims for Loss of Financial Support***

The Graves plaintiffs also seek damages for the loss of their son's financial support.

Kidde contends that no facts have been alleged to establish either parent was financially dependent on Spencer William Graves.

"[U]nder the maritime wrongful death remedy, the members of the decedent's dependents may recover damages for their loss of support." Sea-Land Services Inc. v. Gaudet, 414 U.S. 573 (1974). "Dependency" carries its ordinary meaning for the purposes of general maritime wrongful death claims. Neal v. Barisich, Inc., 707 F. Supp. 862, 872 (E.D. La. 1989). In moving to dismiss, defendants argue that plaintiffs have failed to allege facts that suggest Phillip Graves or Rebecca Whaley Graves were dependent on their son prior to his death.

The court's review of the complaint reflects that plaintiffs alleged that the death of their son greatly affected his parents . . . and as a consequence, they are entitled to damages." Rec. Doc. 31 ¶ 111. They specifically request damages for loss of financial support to Spencer William Graves' parents. Id., ¶ 119(e). These allegations are enough to put Kidde on notice of the claim. Accordingly, they are not subject to dismissal. However, counsel for the Graveses is ordered to amend the complaint to allege dependency more specifically within 15 days of entry of this order. See Fed. R. Civ. P. 15(a)(2).

*Maintenance and Cure claims*

Plaintiffs acknowledge that they are not entitled to maintenance and cure and found from this defendant. Accordingly, those claims against Kidde are dismissed.

**II.    Motion to Dismiss Under Federal Rule 12(b)(1)**

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v.

12

United States, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject matter jurisdiction may be found in any one of three instances; (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

Kidde seeks dismissal of all claims brought individually by Phillip Graves and Rebecca Whaley Graves, arguing that they lack standing to bring any action in their individual capacities, and therefore the court lacks subject matter jurisdiction. Specifically, Kidde argues that only the decedent's personal representative may bring suit on behalf of the beneficiaries, and thus no action may be asserted individually, as it is already encompassed in the representative's action. Defendants contend that the Graveses have their own personal wrongful death claims, which they are bringing individually, which are distinct from their son's survival claim, which is brought in their capacity as co-administrators of the Succession of Spencer William Graves.

Under both the Jones Act and general maritime law, only the personal representative of a decedent's estate has standing to initiate suit for any survival damages (which inure to the decedent's estate and ultimately to the estate's beneficiaries) and for any wrongful death damages (which inure directly to the decedent's survivors). Neal, 707 F. Supp. at 865 (citing Ivy v. Security Barge Lines, Inc., 585 F.2d 732, 734–35 (5th Cir.1978), modified en banc on other grounds, 606 F.2d 524 (5th Cir.1979), cert. denied, 446 U.S. 956 (1980). Accordingly, the Graveses lack procedural capacity to pursue wrongful death claims in their individual capacities, and those claims, to the extent they are brought in the Graveses' individual capacities, must be

dismissed. The claims may be pursued by the Graveses in their capacities as co-administrators of their son's succession. Accordingly, the motion to dismiss under Rule 12(b)(1) is granted.

## II. Motion to Strike Under Federal Rule of Civil Procedure 12(f)

Under Rule 12(f) of the Federal Rules of Civil Procedure the court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) motions are generally disfavored and rarely granted. Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla., 306 F.2d 862, 868 (5th Cir. 1962). "It is a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the controversy." Id. (quotation omitted). The court cannot decide a disputed issue of fact on a motion to strike. Id. Further, the court should not determine disputed and substantial questions of law when there is no showing of prejudicial harm to the moving party. Id. "Under such circumstances the court [should] defer action on the motion and leave the sufficiency of the allegations for determination on the merits." Id.

Kidde argues pursuant to Federal Rule 12(f), that paragraph 88 should be stricken as immaterial and paragraph 106(h) should be stricken as redundant.

With respect to paragraph 88, Kidde takes issue with the statement that "Claimants further pled [sic] the doctrine of *res ipsa loquitur*." Kidde agues that the paragraph should be stricken as immaterial pursuant to Rule 12(f), because "*Res ipsa loquitur* is… not a separate cause of action; rather, it is an evidentiary doctrine that permits the trier of fact to infer negligence from circumstantial evidence," citing Gandhi v. Carnival Corp., 2014 WL 1028940,

at *2 (S.D. Fla. Mar. 14, 2014). Plaintiffs have responded that they invoked the doctrine in their complaint solely as an evidentiary mechanism, and not as a separate cause of action. That is how the court has interpreted it and how the court will go forward.

Finally, with respect to Kidde's argument that the claim for past and future meals, lodging, and found at paragraph 106(h) should be stricken because they are redundant of plaintiffs' wage loss claims, the court disagrees. As discussed by Professor David Normann in Has Found Been Lost? An Analysis of A Seldom Utilized Concept in the Maritime Law, 14 LOY. MAR. L.J. 92, 94 (2014), while found is sometimes merged with cash wages, that is not always the case, and there are advantages to maintaining found as a distinct concept and element of damages. While it is true that found may be duplicative of past and future meals and lodging (although not with maintenance, see Normann, supra), the court can ensure that no double recovery occurs. Accordingly, the Rule 12(f) motion is denied.

## CONCLUSION

**IT IS ORDERED** that Kidde's Rule 12(b)(6) motion to dismiss plaintiffs' LPLA claims is **granted**;

**IT IS FURTHER ORDERED** that Kidde's Rule 12(b)(6) motion to dismiss plaintiffs' products liability claims under the general maritime law for failure to state a claim is **denied**;

**IT IS FURTHER ORDERED** that Kidde's Rule 12(b)(6) motion to dismiss plaintiffs' maintenance and cure claims against Kidde for failure to state a claim is **granted** as unopposed;

**IT IS FURTHER ORDERED** that Kidde's Rule 12(b)(6) motion to dismiss the Graveses' claims for loss of financial support is **denied**, however counsel for the Graveses is

ordered to amend the complaint to allege dependency more specifically within **15 days** of entry of this order;

**IT IS FURTHER ORDERED** that Kidde's Rule 12(b)(1) motion to dismiss the Graveses' wrongful death claims brought in their personal capacities is **granted**; and

**IT IS FURTHER ORDERED** that Kidde's motion to strike pursuant to Rule 12(f) is **denied**.

New Orleans, Louisiana, this  2nd  day of July, 2019.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**