# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN RIVER TRANSPORTATION, CO., LLC, AS THE OWNER AND OPERATOR OF THE M/V LOUISIANA LADY, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO: 18-2186<br><br>SECTION: "S" (2) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that third-party defendant LG Chem America, Inc.'s ("LGCAI's") **Motion to Dismiss** the Third-Party Complaint and First Supplemental and Amending Third-Party Complaint (Rec. Doc. 67) is hereby **DENIED** as premature.

## BACKGROUND

On September 3, 2017, the M/V LOUISIANA LADY, an inland tug owned and operated by American River Transportation Company ("ARTCO"), caught fire when it was doing fleet work on the Mississippi River. The fire broke out in the deck locker on the vessel's main deck. Two crew members, Spencer Graves and Ronald D. Neal, who were in their crew quarters on the main deck, suffered smoke inhalation and loss of consciousness. Graves, who was a Jones Act seaman aboard the vessel, died as a result of the accident. Neal, who was also a Jones Act seaman aboard the vessel, sustained injuries as a result of the accident.

On March 1, 2018, ARTCO filed the instant petition for limitation of liability pursuant to 46 U.S.C. § 30501, et seq. and within the meaning of Rules 9(h) and F of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions seeking exoneration from or limitation of liability for the September 3, 2017, accident. Philip and Rebecca Whaley Graves, Spencer Graves' parents, filed a claim in their individual capacities and as representatives of

Spencer Graves' estate. Neal also filed a claim.

On September 3, 2018, the claimants filed third-party claims against, inter alia, LGCAI.[1] The claims against LGCAI were brought pursuant to the Louisiana Products Liability Act, La. R.S. 9:2800.51 et seq., and the general maritime law. In their third-party complaint, third-party plaintiffs (hereinafter, "plaintiffs") allege that an electronic cigarette with a lithium battery manufactured by LGCAI exploded on a shelf in the deck locker, ignited, caught fire, and was propelled around the room, causing the fire that resulted in Graves' death and Ronald Neal's injuries.

In this motion, LGCAI seeks dismissal of the claims against it, arguing that the court lacks personal jurisdiction over it.

## DISCUSSION

"[T]he party who seeks to invoke the jurisdiction of the district court bears the burden of establishing contacts by the nonresident defendant sufficient to invoke the jurisdiction of the court.' " Felch v. Transportes Lar-Mex SA DE CV, 92 F.3d 320, 326 (5th Cir. 1996) (quoting Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir.1990)). "Pertaining to this burden, it is well established that where the district court rules on a motion to dismiss for lack of jurisdiction without conducting an evidentiary hearing, the plaintiff may bear his burden by presenting a prima facie case of jurisdiction." Id. (citing Wilson v. Belin, 20 F.3d 644, 648 (5th Cir.), cert. denied, 513 U.S. 930 (1994)). At the same time, "deposition testimony or evidence adduced at a

---

[1] Originally, plaintiffs named LG Electronics USA, Inc. as a defendant, but by amendment filed on December 10, 2018, substituted defendant LG Chem America, Inc. Rec. Doc. 44.

2

hearing under Fed. R. Civ.P. 12 or at trial might mandate a different conclusion." Id. (quoting Bullion, 895 F.2d at 217). "Eventually, of course, the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at a trial." Id. (quoting Travelers Indem. Co. v. Calvert Fire Ins. Co., 798 F.2d 826 (5th Cir.1986)).

In connection with the present motion, LGCAI has acknowledged that it does do business in Louisiana, but has supported its motion with the declaration of its compliance manager, attesting to certain facts regarding its business and contacts in Louisiana. Plaintiffs contend that discovery is required to traverse the declaration, including the possible deposition of the declarant, before it can adequately respond to the motion. Where the factual bases for jurisdiction are disputed, the court may receive interrogatories, depositions, or "any combination of the recognized methods of discovery" to help it resolve the jurisdictional issue. Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 241 (5th Cir. 2008)(citations omitted). "The court has discretion as to the type and amount of discovery to allow." Id. In this case, the court in its discretion finds that plaintiffs should be allowed to conduct limited discovery, directed solely to the issues and facts surrounding personal jurisdiction. Accordingly,

**IT IS ORDERED** that defendant LGCAI's **Motion to Dismiss** the Third-Party Complaint and First Supplemental and Amending Third-Party Complaint (Rec. Doc. 67) is

hereby **DENIED** as premature.

New Orleans, Louisiana, this _2nd_ day of July, 2019.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**