UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN RIVER TRANSPORTATION, CO., LLC, AS THE OWNER AND OPERATOR OF THE M/V LOUISIANA LADY, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO: 18-2186<br><br>SECTION: "S" (2) |

ORDER AND REASONS

IT IS HEREBY ORDERED that the **Motion in Limine to Exclude Certain Opinions of James N. Domingue, M.D.**, filed by American River Transportation Company, LLC ("ARTCO") (Rec. Doc. 277) is **DENIED**;

IT IS FURTHER ORDERED that the **Motion in Limine to Exclude Certain Opinions of Larry Hayes, LCSW, BACS** filed by ARTCO (Rec. Doc. 278) is **GRANTED**, and Hayes' opinion diagnosing Ronald D. Neal with PTSD is excluded.

BACKGROUND

Limitation claimants (hereinafter, "plaintiffs") Ronald D. Neal and Philip Graves and Rebecca Whaley Crain seek damages for personal injuries suffered by Neal and the death of Graves' and Crain's son, Spencer Graves, as a result of a fire in the crew quarters of the M/V LOUISIANA LADY on September 3, 2017. Following a settlement conference before the Magistrate Judge, the parties have reached a stipulation concerning the limitation fund, privity and knowledge, and liability, leaving for trial only the quantum of damages due to the claimants. In support of their claims, plaintiffs seek to introduce the opinions of two experts, Dr. James N. Domingue, M.D. and Larry Hayes, LCSW, BACS. ARTCO seeks to exclude certain of their opinions pursuant to Federal Rule of Evidence 702, and Daubert v. Merrell Dow

Pharmaceuticals, Inc., 509 U.S. 579 (1993).

## DISCUSSION

Federal Rule of Evidence 702 provides that for expert testimony to be admissible, "(1) the testimony [must be] based upon sufficient facts or data, (2) ... the product of reliable principles and methods, and (3) the witness [must have] applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702. This rule requires the district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." Daubert, 509 U.S. at 589. To perform its gatekeeping function, the court must first determine whether the proffered expert testimony is reliable. The party offering the testimony bears the burden of establishing its reliability by a preponderance of the evidence. See Moore v. Ashland Chem. Inc., 151 F.3d 269, 276 (5th Cir. 1998). The reliability inquiry requires the court to assess whether the reasoning or methodology underlying the expert's testimony is valid. See Daubert, 509 U.S. at 592-93. The goal is to exclude expert testimony that is based merely on subjective belief or unsupported speculation. See id. at 590. However, "[i]n Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000), [the Fifth Circuit] noted that the importance of the trial court's gatekeeper role is significantly diminished in bench trials, as in this instance, because, there being no jury, there is no risk of tainting the trial by exposing a jury to unreliable evidence." Whitehouse Hotel Ltd. P'ship v. Comm'r, 615 F.3d 321, 330 (5th Cir. 2010).

**1. James N. Domingue, M.D.**

Dr. Domingue is plaintiffs' retained medical witness. ARTCO does not challenge Dr. Domingue's qualifications; rather, ARTCO challenges Dr. Domingue's opinion that Spencer

Graves experienced periods of consciousness and thus pain and/or discomfort following his initial exposure to smoke and carbon monoxide and prior to his death. ARTCO argues that this opinion is unreliable and speculative because it contradicts the testimony of the four physicians who saw and treated Graves, which ARTCO characterizes as concluding that Graves never experienced any consciousness following the initial exposure up until the time of his death.

The court's review of Dr. Domingue's report and testimony reflects that he does reference and rely upon the notes and records of the treating physicians, including Ochsner Medical Center ("OMC") records that noted trace soot in nares evidencing breathing during exposure, pupils sluggishly reactive to light, posturing at OMC that could be in response to pain, elevated blood pressure during transport for hyperbaric treatment credited to insufficient analgesia and sedation (also possibly indicative of pain), and a response to pain in all extremities following hyperbaric treatment. Dr. Domingue also clarified that to the extent his report implied that Graves was continually conscious from initial exposure until brain death, it was mistaken, and his actual opinion is that the Graves was "more probably than not, intermittently conscious during the episodes pointed out in the discussion section of [his] report."[1]

Thus, the challenged opinion does not contradict the medical records and witnesses in this case, but emphasizes different facts than those emphasized by ARTCO's expert. Dr. Domingue therefore drew a different conclusion than ARTCO's expert, but the court cannot say that it is unsupported by the facts in the record. Essentially, ARTCO's challenge goes to the

---

[1] Dr. James N. Domingue, Supplemental Report (11/21/22), Rec. Doc. 294-11, Domingue Depo., Rec. Doc. 294-9, 88:17-89:19.

bases for Dr. Domingue's opinion, suggesting that in formulating it, Dr. Domingue overemphasized certain facts and overlooked others that he should have considered. "[Q]uestions relating to the bases and sources of an expert's opinion[,] affect the weight to be assigned that opinion rather than its admissibility and should be left for the [fact-finder's] consideration." United States v. 14.38 Acres of Land, 80 F.3d 1074, 1077 (5th Cir. 1996). Moreover, because this is a bench trial, the purpose of a Daubert motion, to prevent exposing a jury to unreliable evidence, is not implicated. See Gibbs, 210 F.3d at 500. Considering this, as well as the court's broad discretion to decide whether to admit expert opinion testimony, see General Elec. Co. v. Joiner, 522 U.S. 136, 138–39 (1997), the court will admit Dr. Domingues's expert report and testimony and give it whatever weight it deserves.

## 2. Larry Hayes, LCSW, BACS

Plaintiffs have also designated Larry Hayes, LCSW, BACS to offer his opinion diagnosing Neal with "Post Traumatic Stress Disorder" ("PTSD").[2] ARTCO contends that because Hayes has no advanced degrees in psychology nor licenses to practice psychology or neuropsychology, he is not qualified to offer such a diagnosis. ARTCO also argues that the diagnosis of "possible PTSD"[3] is speculative and thus not held within the medical certainty required to be admissible as expert testimony.

In making its argument, ARTCO relies on Louisiana Revised Statute section 37:2703(14)(c), which provides that a licensed social worker is not authorized "to administer or

---

[2] Hayes Narrative Evaluation (12/3/22), Rec. Doc. 275-10, 7.

[3] Hayes Report (10/3/22), Rec. Doc. 295-10, 4.

interpret psychological tests, or to engage in the practice of psychology," or "to engage in the practice of medicine" and cases interpreting it. ARTCO further contends that the Fifth Circuit has ruled that PTSD is a medical diagnosis, citing United States v. Crosby, 713 F.2d 1066, 1076–77 (5th Cir.1983). Thus, ARTCO posits that Hayes is unauthorized to diagnose Neal with PTSD.

Plaintiffs counter by pointing to Louisiana Revised Statutes section 37:2708(B), which states that the practice of clinical social work "requires the application of specialized clinical knowledge and advanced clinical skills in the areas of prevention, assessment, diagnosis, and treatment of mental, emotional and behavioral and addiction disorders" and cases interpreting that provision. Arguing that Hayes' PTSD diagnosis and evaluation fall within the application of his "specialized clinical knowledge and advanced clinical skills" as a clinical social worker, plaintiffs contend that he is qualified as an expert to render an opinion diagnosing Neal with PTSD.

The court need not choose which statutory provision is controlling, because in addition to the fact that Hayes is not specifically authorized under Louisiana law to render a medical diagnosis, he lacks specialized clinical knowledge and advanced clinical skills that would qualify him to diagnose PTSD. A review of Hayes' resume[4] reflects that for the past eight years, he has been executive director of an organization whose mission is to prevent, detect, and treat HIV/AIDS. Prior to that, the vast majority of his experience is related to youth and educational counseling, including as the Truancy Center Director for the Recovery School District, as a

---

[4] Rec. Doc. 295-10, 2.

Juvenile Court Liaison, and as a School Social Worker. Nothing on Hayes' resume suggests expertise in trauma work or PTSD. In contrast, in Lodge, the case plaintiffs cite as support for allowing an LCSW to testify regarding a PTSD diagnosis stemming from sexual abuse, the proposed witness had published a book on sexual abuse, given numerous professional presentations on sexual abuse, and in her practice primarily diagnosed and treated victims of sexual abuse. 2012 WL 3644745, *4. In addition, she had done extensive research on sexual abuse by clergy members, which was at issue in that case. Id. These facts are readily distinguishable from those related to Hayes' experience, which, as previously noted, reflects no expertise in trauma. Hayes is not qualified to render a medical PTSD diagnosis or testify to medical causation. Therefore, Hays may not opine regarding his PTSD diagnosis, although he may testify regarding his personal observations and treatment of Neal as a social worker.

For all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the **Motion in Limine to Exclude Certain Opinions of James N. Domingue, M.D.**, filed by American River Transportation Company, LLC ("ARTCO") (Rec. Doc. 277) is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion in Limine to Exclude Certain Opinions of Larry Hayes, LCSW, BACS** filed ARTCO (Rec. Doc. 278) is **GRANTED** and Hayes' opinion diagnosing Ronald D. Neal with PTSD is excluded..

New Orleans, Louisiana, this __3rd__ day of January, 2023.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**